UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS MENDEZ, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREAT KILLS MARINA CAFE, INC. d/b/a "Marina Cafe," JOSEPH LABRIOLA, ROBERT PARASCANDOLA AND ROSEMARY SALDINO, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1.     Plaintiff Nicholas Mendez worked for Defendants Great Kills Marina Cafe ("Marina Cafe"), Joseph Labriola, Robert Parascandola and Rosemary Saldino (collectively "Defendants") as a waiter at their restaurant, Marina Cafe, from November 13, 2013 to November 15, 2017.

2.     Plaintiff Mendez alleges on behalf of himself and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay for all hours worked, (iv) failing to pay spread-of-hours pay, (v) unlawfully retaining gratuities, (vi) making unlawful deductions; (vii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (viii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.      Plaintiff Mendez alleges on behalf of himself and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay for all hours worked, and (iv) making unlawful deductions.

4.      Plaintiff Mendez asserts individual claims against Defendants of unlawful retaliation.

<u>JURISDICTION AND VENUE</u>

5.      This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

5.      Plaintiff Mendez was, at all relevant times, an adult individual residing on Staten Island, New York.

6.      Marina Cafe is a domestic business corporation, organized and existing under the laws of the State of New York with its principal place of business at 154 Mansion Avenue, Staten Island, New York.

7.     Defendant Marina Cafe is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Marina Cafe is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

8.     Defendant Joseph Labriola, upon information and belief, owns, operates and controls Defendant Marina Cafe's day-to-day operations and management and jointly employed Plaintiff Mendez and other similarly situated employees at all relevant times.

9.     Defendant Robert Parascandola, upon information and belief, owns, operates and controls Defendant Marina Cafe's day-to-day operations and management and jointly employed Plaintiff Mendez and other similarly situated employees at all relevant times.

10.     Defendant Rosemary Saldino, upon information and belief, owns, operates and controls Defendant Marina Cafe's day-to-day operations and management and jointly employed Plaintiff Mendez and other similarly situated employees at all relevant times.

11.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff Mendez and other employees, controlled Plaintiff's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

STATEMENT OF FACTS

12.     Marina Cafe is an Italian Restaurant that is located at 154 Mansion Avenue, Staten Island, New York.

13.     The restaurant is open every day of the year except Thanksgiving and Christmas Day. Its hours of operation are 12:00 p.m. to 10:00 p.m. for Monday to Thursday, 12:00 p.m. to 1:00 am. for Friday to Saturday and from 1:00 p.m. to 9:00 p.m. for Sundays.

14.     On information and belief, Defendants Joseph Labriola, Robert Parascandola and Rosemary Saldino are equal owners in the restaurant. In this capacity, they are regularly at the restaurant, interacting with customers and employees; they instruct employees what to do; they have the authority to hire and fire employees, change employees' pay and employee's schedules; and they keep records regarding their employees' hours worked and compensation.

Duties Performed and Hours Worked[1]

15.     Defendants employed Plaintiff Mendez as a waiter from November 13, 2013 to November 15, 2017. He, in this capacity, was responsible for taking customers' food and beverage orders, serving them food, and performing side-work.

16.     On any given day, Plaintiff Mendez worked with between 6 and 12 other waiters. From personally observing them and speaking with them, he knows they performed the same primary duties as him.

---

[1] These subject lines are included only for organizational purposes.

17.    Waiters are scheduled to work the lunch or dinner shift, or both. The scheduled hours for the lunch shift are 11:00 a.m. to 4:00 p.m., and the scheduled hours for the dinner shift are 4:00 p.m. until the restaurant closes.

18.    Up until August 2017, Defendants scheduled Plaintiff Mendez to work five days per week, and he did in fact work five days per week most weeks, as follows, at a minimum: Wednesday from 11:00 a.m. to close, which was regularly 10:00 p.m., equaling an 11-hour shift; Thursday from 11:00 a.m. to close, which was regularly 10:00 p.m., equaling an 11-hour shift; Friday and Saturday from 11:00 a.m. to close, which was regularly 12:00 a.m., equaling 13-hour shifts; and Sunday from 11:00 a.m. to close, which was regularly 10:00 p.m., equaling an 11-hour shift.

19.    From August 2017 until his termination, Plaintiff Mendez's schedule remained the same, and he actually worked that schedule at a minimum, except that he was no longer scheduled to work Sundays.

20.    When working 5-shifts per week, Wednesday to Sunday, Plaintiff Mendez was scheduled to and did, in fact, work a minimum 59 hours.

21.    When working 4-shifts per week, Wednesday to Saturday, Plaintiff Mendez was scheduled to and did, in fact, work a minimum 48 hours.

22.    Defendants regularly scheduled Plaintiff Mendez to work a double shift: working lunch and dinner.

23.    The weekly work schedule regularly lists 14 individuals as waiters, 3 as bussers, 1 bar back and 3 runners.

24.    From reviewing the schedule, speaking with them and personal observations, Plaintiff Mendez knows that other waiters were, like him, regularly

scheduled to work and did, in fact, work more than 40 hours in a week and scheduled to work double shifts.

25.    When Plaintiff Mendez and other waiters worked double shifts, they were not given any meal break period. They were, instead, provided a complimentary meal that they ate in between performing their regular duties.

26.    Plaintiff Mendez and other waiters regularly did not have an uninterrupted meal break.

27.    Defendants had no policy or practice in place for Plaintiff Mendez and the other waiters to clock in or out, or otherwise track their hours worked.

Hourly Rate, Gratuities, Overtime, Spread-of-Hours Pay, Deductions

28.    Plaintiff Mendez regularly received tips from customers.

29.    Defendants paid Plaintiff Mendez the following hourly rate for each year: $5.00 per hour from 2013 to 2015; and $7.50 per hour from 2016 until his termination.

30.    Defendants paid Plaintiff Mendez below the minimum wage because, upon information and belief, he is a tipped employee and they were availing themselves of the tip credit: the difference between the statutory minimum wage and the rate tipped employees may be paid, provided certain conditions are met. This is often referred to as the "tipped minimum wage."

31.    The applicable minimum wage and "tipped minimum wage" under New York and Federal law during those years were as follows:

| Year | FLSA Min. Wage[2] | FLSA Tipped Min. Wage[3] | NYLL Min. Wage[4] | NYLL Tipped Min. Wage[5] |
|------|-------------------|--------------------------|-------------------|--------------------------|
| 2013 | $7.25 | $2.13 | $7.25 | $5.00 |
| 2014 | $7.25 | $2.13 | $8.00 | $5.00 |
| 2015 | $7.25 | $2.13 | $8.75 | $5.00 |
| 2016 | $7.25 | $2.13 | $9.00 | $7.50 |
| 2017 | $7.25 | $2.13 | $11.00 | $7.50 |

32.    Defendants did not pay Plaintiff Mendez for all hours worked in a week.

33.    Defendants paid Plaintiff Mendez a maximum of 5 hours per shift, but never paid him more than 35 hours in a week.

34.    Although he was regularly scheduled for and worked more than 40 hours per week, Defendants did not pay Plaintiff Mendez overtime premium pay: 1.5 times his regular hourly rate.

35.    For the hours that they paid him, Defendants paid Plaintiff Mendez at his regular hourly rate.

36.    By not paying him for all hours worked, Plaintiff Mendez's effective hourly rate was:

| Year | Effective Hourly Rate |
|------|-----------------------|
| 2013 | $2.97 ($175/59 Hours) |
| 2014 | $2.97 ($175/59 Hours) |
| 2015 | $2.97 ($175/59 Hours) |
| 2016 | $4.45 ($262.50/59 Hours) |
| 2017 | $4.45 ($262.50/59 Hours) |

[2] http://www.dol.gov/whd/minwage/coverage.htm (last visited December 14, 2017).
[3] *Id.*
[4] http://www.labor.ny.gov/stats/minimum_wage.asp (last visited December 14, 2017).
[5] http://www.dol.gov/whd/state/tipped.htm (last visited December 14, 2017).

37.    Plaintiff Mendez's effective hourly rate was below Federal and New York's minimum wage for all years and below New York's tipped minimum wage for all years.

38.    Plaintiff Mendez was not paid overtime premium pay.

39.    For days that he was scheduled to and worked more than 10 hours in a day, Defendants did not pay Plaintiff Mendez spread-of-hours pay: an extra hour at the minimum wage.

40.    Defendants never informed Plaintiff Mendez or other waiters that they are taking a tip credit: they did not inform them of this verbally or on any wage statement.

41.    Plaintiff Mendez and other waiters regularly served large, banquet parties, for which the parties were charged a per person rate that ranged from $24 to $56 and they were charged a 20% service fee.

42.    A 20% service fee is what a reasonable customer would expect to pay as a gratuity and reasonably believed 100% of the service fee was being remitted to the waiters.

43.    Up until January 2017, Defendants remitted only 17% of the 20% service fee to the waiters, keeping the 3% for themselves.

44.    Defendants did not inform their customers that they were retaining any portion of the service fee. Customers reasonably believed 100% of the service fee was being remitted to the waiters and other serving staff.

45.    After waiters complained about Defendants keeping 3% of the 20% service fee, Defendants, in January 2017, changed their policy to keeping only 2% of the 20% service fee.

46.    Defendants deducted 4% from Plaintiff Mendez's credit card tips purportedly for the credit card processing fee.

47.    If a customer failed to pay their bill, Defendants deducted that customers' bill from Plaintiff Mendez and other waiters' compensation.

48.    From speaking with them, Plaintiff Mendez knows that other waiters, like him, were paid below the statutory minimum wage, were paid below New York's tipped minimum wage, were not paid for all hours worked, were not paid overtime premium pay, were not paid spread-of-hours pay, did not receive 100% of their tips, and had deductions from their compensation when customers did not pay their bill.

49.    Plaintiff Mendez complained on multiple occasions to the General Manager about not getting paid for all hours worked and all tips, about not getting to keep 100% of the service fee and not getting paid overtime.

50.    Defendants did not post at the restaurant a poster advising Plaintiff Mendez and other waiters of their right to a minimum wage and overtime premium pay.

51.    Defendants had no policy or practice to track how much in tips Plaintiff Mendez and other waiters received on a daily or weekly basis.

Labor Law Notice Violations

52.    Defendants did not provide Plaintiff Mendez or the other waiters the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

53.    Plaintiff Mendez and other waiters' pay stubs inaccurately list the hours they worked.

Retaliation

54.    In late October 2017, Plaintiff Mendez complained to the General Manager about Defendants' pay policies and stated he intends to complain to the Department of Labor.

55.    Defendants, upon information and belief, instructed some of their employees to physically assault and batter Plaintiff Mendez in retaliation for his complaints to the General Manager, hoping that would stop him from complaining.

56.    On November 16, 2017, some of Defendants' employees physically assaulted and battered Plaintiff.

57.    Days after the attack, Defendants characterized the attack as a fight and terminated Plaintiff Mendez's employment for fighting when, in reality, they used the attack as a pretext to fire him for complaining about Defendants' wage policies.

CLASS ACTION ALLEGATIONS

58.    Plaintiff Mendez assert these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles, including "waiter," "waitress," or "server" at any time since December 15, 2011 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

59.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

60.     Plaintiff Mendez's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

61.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

62.     Plaintiff Mendez is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

63.     Plaintiff Mendez has the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

64.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.     whether Defendants employed Plaintiff Mendez and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Mendez and the Class Members;

c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of forty (40) hours per workweek, and spread-of-hours pay;

e.      whether Defendants made unlawful deductions from the Class Members' wages;

f.      whether Defendants gave the Class Members proper notice of the "tip credit" as required by 12 N.Y.C.R.R. §§ 146-1.3 and -2.2;

g.      whether Defendants maintained adequate records of the tips that the Class Members received;

h.      whether Defendants failed to provide the Class Members with wage statements specifying the amount of tip credit deducted from their wages;

i.      whether Defendants withheld tips and/or gratuities within the meaning of the Labor Law, violating NYLL § 196-d;

j.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Mendez and the Class Members are employed;

k.      whether Defendants misclassified Plaintiff Mendez and the Class Members as exempt from overtime;

l.      whether the individual Defendants participated in the day-to-day management of Defendant and are "joint employers" and liable to Plaintiff Mendez and the Class Members;

m.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

n.      whether Defendants should be enjoined from such violations of the

Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

65.     Under 29 U.S.C. § 206, Plaintiff Mendez seeks to assert these allegations

and claims as a collective action:

> All persons whom Defendants employ and have employed who were wait
> staff and other comparable tipped positions with different titles, including
> "waiter," "waitress," or "server" at any time since December 15, 2014 to
> the entry of judgment in this case (the "Collective Action Period"), who
> were non-exempt employees within the meaning of the FLSA (the
> "Collective Action Members").

66.     Plaintiff Mendez and the Collective Action Members are similarly situated

on several legal and factual issues, including:

a.      whether Defendants employed the Collective Action Members

within the meaning of the FLSA;

b.      whether the Collective Action Members performed similar duties;

c.      whether Defendants failed to keep true and accurate time records

for all hours Plaintiff Mendez and the Collective Action Members worked;

d.      what proof of hours worked is sufficient where the employer fails

in its duty to maintain time records;

e.      whether Defendants willfully or recklessly violated the FLSA;

f.      whether Defendants failed to pay the Collective Action Members

minimum wages, and overtime compensation for hours worked in excess of forty (40)

hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g.      whether Defendants improperly withheld tips and gratuities,

violating 29 U.S.C. § 203(m);

h.    whether Defendants are entitled to avail themselves of the "tip credit" for unlawfully retaining the tips and failing to properly inform the Collective Action Members of the "tip credit";

i.    whether Defendants misclassified the Collective Action Members as exempt from overtime;

j.    whether Defendants should be enjoined from such violations of the FLSA in the future; and

k.    whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiff Mendez and the Collective Action Members)

67.    Plaintiff Mendez repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

68.    Plaintiff Mendez consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

69.    Defendants employed, and/or continue to employ, Plaintiff Mendez and the Collective Action Members within the meaning of the FLSA.

70.    Defendants knowingly failed to pay Plaintiff Mendez and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

71.    Defendants were required to pay Plaintiff Mendez and the Collective Action Members the full minimum wage rate for all hours worked.

72.    Defendants failed to pay Plaintiff Mendez and the Collective Action Members at the minimum wage and the "tipped minimum wage" for all hours worked.

73.     Defendants were not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because Defendants failed to inform Plaintiff Mendez and the Collective Action Members of the provisions of the FLSA, 29 U.S.C. § 203(m), and Defendants retained a portion of Plaintiff Mendez and the Collective Action Members' tips.

74.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

75.     As a result of Defendants' FLSA violations, Plaintiff Mendez and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Mendez and the Collective Action Members)

76.     Plaintiff Mendez repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

77.     Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78.    Defendants were required to pay Plaintiff Mendez and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

80.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

81.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Mendez and the Collective Action Members' compensation.

82.    Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

<u>THIRD CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

83.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

84.    Defendants are "employers" within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Mendez and the Class Members.

85.    The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Mendez and the Class Members.

86.    Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Mendez and the Class Members the statutory minimum wage.

87.    Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

88.    Upon information and belief, Defendants failed to furnish Plaintiff Mendez and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

89.    Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

90.    For the hours they paid them, Defendants paid the Class Members below the statutory minimum wage at the "tipped minimum wage."

91.    Defendants were not eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.C.R.R. §§ 137-2.1, 2.2 because Defendants failed to inform Plaintiff Mendez and the Class Action Members of the provisions of Labor Law's

tip credit provisions, and Defendants retained a portion of Plaintiff Mendez and the Class Action Members' tips.

92.    Defendants are accordingly liable to Plaintiff Mendez and the Class Action Members the difference between the hourly rate at which they paid them and the statutory minimum wage.

93.    Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

94.    Due to Defendants' Labor Law violations, Plaintiff Mendez and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

95.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

FOURTH CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

96.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

97.    Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Mendez and the Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

98.    Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. LAB LAW § 650 and Part 142, § 142-2.2 of Title 12 of

the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

99.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

100.    Due to Defendants' Labor Law violations, Plaintiff Mendez and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FIFTH CAUSE OF ACTION</u>
OFF-CLOCK-WORK UNDER THE FAIR LABOR STANDARDS ACT
(On Behalf of Plaintiff Mendez and the Collective Action Members)

101.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

102.    Defendants failed to compensate Plaintiff Mendez and the Collective Action Members for all compensable hours worked.

103.    In failing to compensate Plaintiff Mendez and the Collective Action Members for all compensable hours worked, Plaza Motors violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

104.    This cause of action does not seek gap time; it is limited to the uncompensated hours when they worked more than forty hours in a week.

105.    As a result of Defendants' FLSA violations, Plaintiff Mendez and the Collective Action Members have suffered damages by being denied compensation in accordance with the FLSA in amounts to be determined at trial, and are entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

SIXTH CAUSE OF ACTION<br>
OFF-THE-CLOCK WORK UNDER THE NEW YORK LABOR LAW<br>
(On behalf of Plaintiff Mendez and the Class Members)

106.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

107.    Defendants failed to compensate Plaintiff Mendez and the Class Members for all their compensable hours worked.

108.    In failing to compensate Plaintiff Mendez and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

109.    As a result of Defendants' Labor Law violations, Plaintiff Mendez and the Class Members have suffered damages by being denied compensation in accordance with the Labor Law in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under the Labor Law.

SEVENTH CAUSE OF ACTION<br>
FAILURE TO PAY SPREAD-OF-HOURS PAY<br>
UNDER THE NEW YORK LABOR LAW<br>
(On Behalf of Plaintiff Mendez and the Class Action Members)

110.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

111.    Defendants failed to pay Plaintiff Mendez and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each

day during which they worked more than ten (10) hours (i.e., "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 142-2.4.

112.    By their failure to pay Plaintiff Mendez and the Class Members spread-of-hours pay, Defendants have willfully violated the New York LAB. LAW Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

113.    Due to Defendants' Labor Law violations, Plaintiff Mendez and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

EIGHTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATITUTIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

114.    Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

115.    The service fee Defendants charged are gratuities that belong to the Class Members under N.Y. LAB. LAW § 196-d.

116.    Defendants have willfully violated N.Y. LAB. LAW § 196-d by unlawfully retaining a portion of the service fees, which are gratuities that should be remitted to the Class Members.

117.    Due to Defendants' violations of the Labor Law, Plaintiff Mendez and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

NINTH CAUSE OF ACTION
UNLAWFUL DEDUCTIONS UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

118.     Plaintiff Mendez, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

119.     The unpaid wages at issue in this claim are "wages" under N.Y. LAB. LAW § 190(1).

120.     N.Y. LAB. LAW § 193 prohibits deductions from wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency and are not expressly authorized in writing by the employees and are not for the benefit of the employee.

121.     N.Y. LAB. LAW § 198-B(2) prohibits persons from, *inter alia*, requesting, demanding, or receiving, either before or after such employee is engaged, a return, donation, or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

122.     Defendants violated the Labor Law in deducting from Plaintiff Mendez and the Class Members' wages for meals that customers did not pay.

123.     Due to Defendants' violations of the Labor Law, Plaintiff Mendez and the Class Members are entitled to recover from them the unlawfully deducted wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. LAB. LAW § 633(1).

## TENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

124.    Plaintiff Mendez repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

125.    Defendants have willfully failed to supply Plaintiff Mendez and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1(a) within ten business days of their first employment date.

126.    Due to Defendants' violations of Labor Law § 195.1 through February 26, 2015, Plaintiff Mendez and the Rule 23 Class Members are entitled to recover from Defendants $50.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2014).

127.    Due to Defendants' violations of Labor Law § 195.1 on or after February 27, 2015, Plaintiff Mendez and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## ELEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez and the Class Action Members)

128.    Plaintiff Mendez repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

129.    Defendants have willfully failed to supply Plaintiff Mendez and the Rule 23 Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

130.    Due to Defendants' violations of Labor Law § 195.3, Plaintiff Mendez and the Rule 23 Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

TWELFTH CAUSE OF ACTION
RETALIATION UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Mendez)

131.    Plaintiff Mendez repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

132.    Plaintiff Mendez is an employee within the meaning of N.Y. LAB. LAW § 215.

133.    Defendants are employers within the meaning of N.Y. LAB. LAW § 215.

134.    Plaintiff Mendez's complaints to his General Manager about Defendants' compensation policies constitutes protected activity under the Labor Law.

135.    Within approximately one month of his complaints, Defendants instructed one of their employees to physically assault and batter Plaintiff Mendez because of his complaints about their compensation policies.

136.    Defendants then used this fight as a prextext for terminating Plaintiff Mendez's employment when the true reason for firing him was his complaints about Defendants' compensation policies.

137.   A causal connection exists between Plaintiff Mendez's complaints and Defendants' harassment and intimidation, constituting unlawful retaliation under the N.Y. LAB. LAW § 215.

138.   Due to Defendants' Labor Law violations, Plaintiff Mendez is entitled to recover from Defendants compensatory damages, liquidated and/or punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRTEENTH CAUSE OF ACTION
RETALIATION UNDER THE FLSA
(On Behalf of Plaintiff Mendez)

139.   Plaintiff Mendez repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

140.   Plaintiff Mendez is an employee within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

141.   Defendants are employers within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

142.   Plaintiff Mendez's complaints to his General Manager about Defendants' compensation policies constitutes protected activity under the FLSA.

143.   A causal connection exists between Plaintiff Mendez's complaints and Defendants' harassment and intimidation, constituting unlawful retaliation under 29 U.S.C. § 215(a)(3).

144.   Due to Defendants' violations of the FLSA, Plaintiff Mendez is entitled to recover from Defendants compensatory damages, punitive damages, reasonable

attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendez, on behalf of himself and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Mendez and his counsel to represent the Class Members;

b.     Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Mendez and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.     An award for unpaid minimum wage under the Labor Law and the FLSA;

f.       An award for unpaid overtime premium pay under the Labor Law and the FLSA;

g.       An award for unpaid wages (i.e. "off the clock work") under the Labor Law and the FLSA;

h.       An awarded for unlawfully retained gratuities under the Labor Law and the FLSA;

i.       An award for unpaid spread-of-hours pay under the Labor Law;

j.       An awarded for unlawful deductions under the Labor Law;

k.       An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

l.       An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

m.       An award of liquidated damages as a result of Defendants' Labor Law violations;

n.       An award of liquidated damages as a result of Defendants' willful FLSA violations;

a.       An award of compensatory and punitive damages for Defendants' unlawful retaliatory conduct;

b.       Equitably tolling the statute of limitations under the FLSA;

c.       An award of pre-judgment and post-judgment interest;

d.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.       Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Mendez demands a trial by jury on all

questions of fact the Complaint raises.

Dated:  New York, New York
        December 15, 2017

                        LIPSKY LOWE LLP


                        s/ Douglas B. Lipsky
                        Douglas B. Lipsky
                        Christopher H. Lowe
                        630 Third Avenue, Fifth Floor
                        New York, New York 10017-6705
                        Tel: 212.392.4772
                        Fax: 212.444.1030
                        doug@lipskylowe.com
                        chris@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

1.    I consent to be a party plaintiff in a lawsuit against _The Great Kills Pub. LLC_ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2.    By signing and returning this consent form, I hereby designate ~~Bronson~~ _Lipsky Lowe /dSl_ ~~Lipsky LLP~~ to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with ~~Bronson Lipsky~~ LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Lipsky Lowe /dSl_

_____          Nov 21 2017
Signature                                Date

Nicholas Mendez
_____
Print Name